Filed 3/20/24  P. v. Coker CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RICKY LEE COKER,<br><br>Defendant and Appellant. | F085579<br><br>(Super. Ct. No. BF169369A)<br><br>**OPINION** |

THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  Stephen D. Schuett, Judge.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P. J., Franson, J. and Meehan, J.

# INTRODUCTION

In 2017, a jury convicted appellant Ricky Lee Coker of four crimes involving the same victim: two counts of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1);[1] counts 1 & 2); making a criminal threat (§ 422; count 3); and intimidating a witness (§ 136.1, subd. (b)(1); count 4). The jury found true that appellant used or threatened to use force in intimidating the witness (§ 136.1, subd. (c)(1)).

After two appeals in this court, which we summarize later in this opinion, the trial court resentenced appellant in 2022. In count 1 (assault with a deadly weapon), the court imposed an upper term of four years, which was doubled because of a prior strike. This sentence was enhanced by five years for a prior serious felony conviction (§ 667, subd. (a)). In count 2 (assault with a deadly weapon) and count 3 (making a criminal threat), the court imposed upper terms of four years and three years, respectively, which were doubled because of a prior strike. The sentences in counts 2 and 3 were stayed. In count 4 (intimidating a witness), the court imposed a concurrent middle term of three years, which was doubled because of a prior strike. Appellant has an aggregate prison term of 13 years.

Appellant contends that the trial court abused its discretion in imposing the aggravated sentences. He argues he established that the middle term is appropriate because he suffered childhood trauma that was a contributing factor in the present offenses. (See § 1170, subd. (b)(6)(A).) He asks this court to find that error occurred and to reduce his sentences to the middle term. We reject his arguments and affirm.

# BACKGROUND

## I.  The Facts Supporting Appellant's Convictions.

Because the issues on appeal deal with sentencing, we provide only a brief summary of the material facts underlying appellant's convictions in this matter.

---

[1]  All future statutory references are to the Penal Code unless otherwise noted.

In 2017, appellant attacked and beat his brother's girlfriend. On the night in question, appellant had been ingesting methamphetamine with his brother and his brother's girlfriend. The brother left around 1:00 a.m. to buy some food. It was then when appellant attacked the victim. Appellant struck the victim's head four or five times with a stepstool. He took and kept her cell phone. He threatened her with a knife, saying he would "gut" her and cut her throat if she called the police or if the police came around. He punched her with the hand holding the knife. (*People v. Coker* (July 17, 2020, F077092) [nonpub. opn.].)

## II. The Procedural History.

In 2018, appellant was originally sentenced in this matter. His original aggregate prison term was 23 years. This included an aggravated sentence in count 1 (assault with a deadly weapon), and four consecutive one-year prior prison enhancements (§ 667.5, subd. (b)).

In July 2020, we issued an opinion in which we vacated appellant's sentence and remanded for resentencing. In part, we directed the trial court to strike the enhancements that had been imposed under section 667.5, subdivision (b).[2] In all other respects, we affirmed appellant's judgment.[3] (*People v. Coker*, *supra*, F077092.)

In October 2020, the trial court resentenced appellant. Neither appellant nor his legal counsel were present. In fact, the prosecution was also absent when the court resentenced appellant. In count 1 (assault with a deadly weapon), the court again

---

[2] Following Senate Bill No. 136 (2019-2020 Reg. Sess.) it was undisputed that none of appellant's four prior prison terms qualified as sentencing enhancements under section 667.5, subdivision (b), because his prior prison terms were not for a sexually violent offense.

[3] In our 2020 opinion, the majority rejected appellant's claim that he suffered constitutional harm based on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). Justice Meehan concurred with the majority regarding all claims, but she dissented on the *Dueñas* issue. (*People v. Coker*, *supra*, F077092 (conc. & dis. opn. of Meehan, J.).)

imposed an upper term of eight years, and the court imposed a consecutive five-year enhancement for a prior serious felony (§ 667, subd. (a)(1)). In count 4 (intimidating a witness), the court again imposed a consecutive full midterm of six years. The court struck the four one-year prior prison enhancements (§ 667.5, subd. (b)). Appellant received an aggregate prison term of 19 years.

In June 2022, this court issued an unpublished opinion in which we agreed with the parties that resentencing was again required. We vacated appellant's sentence and directed that appellant had the right to be physically present at resentencing with the assistance of legal counsel. In relevant part, we directed the court to consider retroactive changes brought about by recent enactments.[4] We remanded for resentencing but otherwise affirmed the judgment. (*People v. Coker* (June 10, 2022, F083191) [nonpub. opn.].)

In November 2022, the trial court resentenced appellant, which has already been summarized in the introduction of this opinion. In short, appellant's current aggregate prison term is 13 years. The court imposed an aggravated sentence of eight years in count 1 (assault with a deadly weapon), which was enhanced by five years (§ 667, subd. (a)). Aggravated sentences were imposed in count 2 (assault with a deadly weapon) and count 3 (making a criminal threat), which were stayed. In count 4 (intimidating a witness), the court imposed a concurrent middle term of six years.

### III. Appellant's Prior Criminal History.

During the 2017 trial in this matter, a bifurcated proceeding occurred regarding appellant's prior convictions and strikes.[5] The prosecution admitted into evidence a

---

[4]    The three recent enactments which the trial court was directed to consider at resentencing were: (1) Senate Bill No. 567 (2021-2022 Reg. Sess.); (2) Assembly Bill No. 124 (2021-2022 Reg. Sess.); and (3) Assembly Bill No. 518 (2021-2022 Reg. Sess.).

[5]    On the court's own motion, we take judicial notice of the records in appellate case No. F077092. (Evid. Code, § 452, subd. (d).)

certified record of appellant's criminal history.  The certified record shows, in part, that appellant has the following prior convictions:

1.     A 1987 conviction for possession of a controlled substance (Health & Saf. Code, § 11377);

2.     A 1990 conviction for battery (§ 243, subd. (a));

3.     A 1992 conviction for false imprisonment (§ 236);

4.     A 1992 conviction for assault with a deadly weapon (§ 245, subd. (a)(1));

5.     A 1999 conviction for eluding a pursuing peace officer in a willful or wanton disregard for safety of persons or property (Veh. Code, § 2800.2);

6.     A 1999 conviction for possession of a controlled substance (Health & Saf. Code, § 11377); and

7.     A 2004 conviction for voluntary manslaughter (§ 192, subd. (a)).

The certified record also shows that appellant has violated parole multiple times.

## IV.     Appellant's Factors In Mitigation.

Prior to the 2022 resentencing in this matter, appellant's trial counsel filed a resentencing brief.  In part, the brief asserted that appellant's criminal history, including the present offenses, were generally the result of his addiction to methamphetamine.  The brief alleged that appellant was suffering from a "mental health episode" when he committed the current crimes, and he has been diagnosed "with anxiety, anti-social personality disorder, and borderline personality disorder."  It was asserted that appellant has serious chronic health issues, including prostate cancer, Parkinson's disease, a history of sepsis and other acute infections, asthma, arthritis, chronic obstructive pulmonary disease, and hepatitis C.

Appellant's brief summarized his conduct in custody after he was convicted for the present charges.  According to the brief, appellant had received prison reprimands for

5.

various incidents, including two separate acts of battery on peace officers, and delaying peace officers in the performance of their duties.

In the resentencing brief, appellant's trial counsel reminded the court that an aggravated sentence cannot be imposed unless the factors in aggravation are proven beyond a reasonable doubt. In addition, the defense brief articulated that a court is to impose a low term if the defendant's psychological, physical or childhood trauma was a contributing factor in the commission of the offense.

The brief stated that appellant's mental health records show he has "disordered schemas" relating to "poor social development, early drug use, abuse and maladaptive coping skills used as ways to manage conflict or social exchanges." It was asserted that appellant was exposed to drugs at an early age, and his means of coping led to substance abuse and other concerns, such as chronic anger and violence. The brief declared that appellant was seeking treatment.

Appellant's sentencing brief alleged that a clear connection existed between his "abusive childhood" and "his legal troubles." He was raised in an abusive home; his stepfather physically and verbally assaulted and beat him. Appellant's "childhood trauma, physical and psychological abuse, coupled with mental illness resulted in [appellant's] maladapted response." He did not develop normally given the verbal and physical abuse he suffered from his stepfather. Appellant attended special education classes and he did not graduate from high school.

In the sentencing brief, appellant's trial counsel asked the court to take into account appellant's "documented childhood trauma which interfered with his emotional development." The defense asserted that appellant's sentence should be "appropriately reduced." In relevant part, the defense asked the court to sentence appellant to the middle term of six years in count 1, and to strike the five-year enhancement under section 667, subdivision (a). It was asked that the remaining sentences in counts 2, 3 and 4 run concurrently to the sentence imposed in count 1.

6.

**V.      The Sentencing Record.**

At the 2022 resentencing in this matter, the trial court noted that the probation department had been unable to obtain information regarding appellant's postsentencing conduct in custody.  The court stated it would rely on the "extensive summary" in the defense brief.

The court had read and considered an updated report from the probation officer, including the evaluation of circumstances in mitigation and aggravation.  The court had also read and considered appellant's resentencing brief.

### A.      *The arguments from defense counsel.*

During the 2022 resentencing hearing, defense counsel asserted to the court that, as noted in its moving papers, appellant had been "extremely ill" in prison, and he had been released from Salinas Valley State Hospital only a few days prior to the hearing. Defense counsel asked the court to take into account that appellant "has successfully engaged in mental health treatment in light of the severe medical conditions that he has suffered."  Appellant completed mental health classes, and he "acknowledges underlying mental health issues" and he has been "performing very well."

Defense counsel reminded the court that it had a duty "to consider trauma" and whether "it played a substantial role in the commission of the offense."  According to the defense, the psychologist who was treating appellant had noted that trauma "was something that impacted [appellant's] development and it played a significant part in how [appellant] responded to fearful situations, situations where he felt threatened."  Defense counsel argued that, based on the moving papers, the notes and the doctor's records, childhood trauma played a role in how appellant "processes interactions with persons and [his] willingness to engage in mental health treatment and [his] severe medical issues." The defense asked the court to consider "striking" appellant's sentence as mentioned in his moving papers.

7.

### B. *The court's findings during the 2022 resentencing.*

At the 2022 resentencing, the court noted that appellant's "extensive criminal record and prior performance record on probation and parole does not support the granting of probation." The court stated it had considered the circumstances in aggravation and mitigation. According to the court, appellant's prior convictions were "numerous" and appellant had served a prior commitment in the California Youth Authority. The court noted that appellant's prior history on probation and parole "was unsatisfactory." The court also found that appellant had engaged in violent conduct, which indicated he was "a serious danger to society, as evidenced by his current conviction and behavior," along with prior convictions, including (1) battery (§ 243, subd. (a)); (2) assault with a deadly weapon (§ 245, subd. (a)(1)); (3) false imprisonment (§ 236); and (4) manslaughter "with a weapon" (§ 192, subd. (a)). The court noted that, based on his original statements to the probation officer, appellant had refused to accept culpability for the present offenses.

In mitigation, the court noted that appellant had successfully completed a one-year term of parole. The court found that the aggravating circumstances outweighed the mitigating circumstances, so that "imposition of the lower term would be contrary to the interest of justice."

The court stated it had also considered appellant's postsentencing conduct while in custody. According to the court, appellant had "not remained free from law violations while in custody. Rather the record reflects a continuing pattern of violations, including two instances of battery on a peace officer, one incident involving striking a prison guard and resisting another officer who attempted to help the first officer."

Finally, the court acknowledged that appellant had asked the court to strike the five-year enhancement due to his mental health illness, his prior victimization, and the age of his prior conviction. The court stated it believed the dismissal of the enhancement "would endanger public safety given the ongoing serious violent conduct exhibited by

8.

[appellant] both prior to and subsequent to the conviction." The court commented it had chosen to impose the five-year enhancement under section 667, subdivision (a). The court believed the prison sentence was "appropriate."

## DISCUSSION

### I. The Trial Court Did Not Abuse Its Sentencing Discretion.

When a criminal statute specifies three possible terms, a sentencing court is to exercise "its sound discretion" and order imposition of the middle term, unless certain exceptions exist. (§ 1170, subd. (b)(1).) Section 1170 directs a sentencing court to impose the low term if the defendant's psychological, physical, or childhood trauma "was a contributing factor in the commission of the offense."[6] (§ 1170, subd. (b)(6)(A).) However, a sentencing court may find that "the aggravating circumstances outweigh the mitigating circumstances [so] that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).) In determining the "interests of justice," a sentencing court is permitted to consider the defendant's "background and prospects, including the presence or absence of a record," as well as the mitigating factors of subdivision (b)(6). (Advisory Com. com., Cal. Rules of Court, rule 4.420.) A trial court is required to state on the record "the facts and reasons for choosing the sentence imposed," and to "state the reasons for its sentencing choice." (§ 1170, subds. (b)(5) & (c).)

At least four days prior to the time set for sentencing, the parties (and other enumerated individuals) may submit a statement in aggravation or mitigation to the trial court "to dispute facts in the record or the probation officer's report or to present

---

[6]    Psychological, physical or childhood trauma may include, but is not limited to, "abuse, neglect, exploitation, or sexual violence." (§ 1170, subd. (b)(6)(A).) In March 2022, California Rules of Court, rule 4.420, which sets forth the criteria for selecting the appropriate term of imprisonment in felony sentencing, was revised to incorporate this provision. (Cal. Rules of Court, rule 4.420(e)(1).)

additional facts." (§ 1170, subd. (b)(4).) In part, the court may consider the record in the case, the probation officer's report, statements in aggravation or mitigation submitted by the parties (and other enumerated individuals), and any further evidence introduced at the sentencing hearing. (*Ibid.*)

### A. *We decline to reduce appellant's sentence.*

Appellant argues that the trial court abused its sentencing discretion in imposing aggravated sentences in counts 1, 2 and 3. According to appellant, he produced "sufficient facts" that showed a low term was required under section 1170, subdivision (b)(6)(A), because he suffered from childhood trauma and mental illness. He contends that the trial court failed to state reasons why it imposed a sentence in excess of the middle term. According to appellant, the trial court misunderstood the recent changes in sentencing laws. Appellant asserts that, instead of remanding this matter for resentencing, this court should reduce his sentences in counts 1, 2 and 3 to the middle terms.

We decline to reduce appellant's sentences. He bears the burden to show that the court's sentencing decision was irrational or arbitrary. (*People v. Carmony* (2004) 33 Cal.4th 367, 376.) In the absence of such a showing, we presume that the trial court acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside. (*Id.* at pp. 376–377.)

Appellant fails to show an abuse of discretion. This record demonstrates that the trial court read and considered the materials which appellant submitted. Nothing in the record affirmatively shows the court was unaware of section 1170, subdivision (b)(6)(A). To the contrary, appellant's trial counsel thoroughly briefed this issue, and defense counsel orally argued that the court should consider appellant's trauma and mental health, and whether that played a role in the commission of the offenses. The record amply establishes that the court was aware of its discretionary sentencing authority.

Moreover, section 1170, subdivision (b)(6), by its plain language, does not mandate a presumption in favor of the lower term in every case in which the defendant experienced some form of trauma prior to or at the time the crime was committed. Rather, the presumption applies only if that was " 'a contributing factor' " in the commission of the offense. (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 991.) Thus, "in order to trigger the presumption, there must be some initial showing that the defendant's [trauma] was a contributing factor, and only then must the record affirmatively show compliance with the statute." (*Fredrickson*, *supra*, at p. 992.)

Here, the trial court never expressed its belief that appellant's alleged childhood trauma had played a contributing factor in the commission of the present offenses. Although the materials provided by defense counsel alleged that appellant had suffered an abusive childhood, appellant did not explain or demonstrate how his alleged childhood trauma contributed to his unprovoked attack of the victim in this matter. In fact, during his original interview with the probation officer, appellant denied culpability for the present offenses. Appellant claimed the victim had lied. This record does not establish that a presumption was triggered requiring imposition of the low term.

Even if appellant did demonstrate that his childhood trauma was a contributing factor in the commission of the present offenses, this record does not show that the trial court abused its discretion. The court stated it had considered the circumstances in aggravation and mitigation. The court found that appellant's prior convictions were numerous, and his prior performance on probation and parole was unsatisfactory. The court concluded that appellant posed "a serious danger to society" as evidenced by his current convictions and certain prior convictions, including (1) battery (§ 243, subd. (a)); (2) assault with a deadly weapon (§ 245, subd. (a)(1)); (3) false imprisonment (§ 236); and (4) manslaughter "with a weapon" (§ 192, subd. (a)). The court noted that appellant had refused to accept culpability for the present offenses. The court expressly found the aggravating circumstances outweighed the factors in mitigation so "the imposition of the

11.

lower term would be contrary to the interest of justice."[7]  Thus, the sentencing record demonstrates that the court expressly rejected appellant's position that the low term was required.  The court's comments also show its compliance with the statute.

Appellant does not affirmatively demonstrate that the court misunderstood its sentencing discretion.  To the contrary, the record amply shows that the court responded to appellant's arguments, but it concluded that imposition of a lower term "would be contrary to the interest of justice."  Based on the numerous factors in aggravation, we cannot state that the court's sentencing decision was so irrational or arbitrary that no reasonable person could agree with it.  As such, this record does not establish that the trial court abused its sentencing discretion in declining to sentence appellant to the low term under section 1170, subdivision (b)(6)(A).

As we explain below, the record also amply shows that the court did not abuse its discretion in imposing the aggravated sentences.

### B.    *The court did not abuse its discretion in imposing the aggravated sentences.*

A sentencing court may not impose a prison sentence exceeding the middle term unless the facts supporting the aggravating circumstances are (1) established by the defendant's stipulation to them, (2) proven to a jury (or to a court, if jury is waived) beyond a reasonable doubt, or (3) based on prior convictions evidenced by a certified record of conviction.  (§ 1170, subd. (b)(1)–(3).)

Appellant's prior convictions were established by a certified copy of his criminal record, which the prosecution moved into evidence in 2017.  Appellant has numerous

---

[7]    In selecting between the middle and lower terms of imprisonment, the trial court was permitted to consider any factor reasonably related to the sentencing decision, including circumstances from the case record, the probation officer's report, and circumstances in aggravation or mitigation, whether or not appellant had stipulated to those factors or they were found true beyond a reasonable doubt at trial by a jury or the judge.  (See Cal. Rules of Court, rule 4.420(d).)

prior convictions. His prior performance on parole is unsatisfactory. Finally, the certified record establishes beyond a reasonable doubt that appellant has engaged in violent conduct that indicates he is a serious danger to society. Appellant has prior convictions for voluntary manslaughter (§ 192, subd. (a)), assault with a deadly weapon (§ 245, subd. (a)(1)), and battery (§ 243, subd. (a)). The certified record of conviction establishes beyond a reasonable doubt three separate factors in aggravation. (See Cal. Rules of Court, rule 4.421(b)(1), (2) & (5).)

Only a single valid aggravating factor is needed to justify imposition of an upper term. (*People v. Myles* (2012) 53 Cal.4th 1181, 1221; *People v. Black* (2007) 41 Cal.4th 799, 815.) The trial court articulated the factors in aggravation, and this record amply demonstrates why the court elected to impose an aggravated sentence. Thus, we reject appellant's assertion that the court failed to state why it was exceeding the middle term. It cannot be stated that the court's decision to impose upper terms in this matter was arbitrary or capricious. Accordingly, an abuse of discretion is not present.

At sentencing, however, the trial court found other factors in aggravation which are outside the record of conviction, and which were neither established by appellant's stipulation nor found true by a trier of fact beyond a reasonable doubt. For instance, the court stated that appellant did not accept culpability for the present offenses, which was derived from appellant's alleged comments to the probation officer. In addition, the court relied on the information in the defense brief to find that appellant had suffered violations in prison. Those violations, however, appear to have been sustained by prison officials based on a mere preponderance standard.

In his briefing before this court, appellant does not directly challenge the imposition of the aggravated sentence based on concerns that the trial court failed to comply with section 1170, subdivision (b)(2). However, appellant concedes in his briefing that a court's failure to comply with these requirements is reviewable for harmless error. To the extent appellant's briefing has raised this particular issue, we hold

13.

that appellant did not suffer prejudice.  In light of the court's comments at sentencing, a " 'miscarriage of justice' " has not occurred because it is not reasonably probable appellant would have obtained a more favorable result in the absence of the error. Consequently, the error is harmless under state law.[8]  (See *People v. Watson* (1956) 46 Cal.2d 818, 836 [setting forth standard to review prejudice for error under state law].) This claim is without merit and resentencing is not required.

## **DISPOSITION**

The judgment is affirmed.

---

[8]     Imposition of an aggravated sentence does not violate a defendant's constitutional right to a jury trial so long as one legally sufficient aggravating circumstance is justified based upon the defendant's record of prior convictions.  (*People v. Black*, *supra*, 41 Cal.4th at p. 816.)